**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF MASSACHUSETTS**
**CENTRAL DIVISION**

|  |  |  |
|---|---|---|
| In re: | ) ) | Chapter 13 |
|  | ) | Case No. 12-43095-MSH |
| BRIAN P. TAGLIAVIA AND MONIQUE C. TAGLIAVIA | ) ) ) |  |
| Debtors | ) ) |  |

**MEMORANDUM OF DECISION AND ORDER ON TRUSTEE'S OBJECTION TO CONFIRMATION OF DEBTORS' CHAPTER 13 PLAN**

The above median income debtors in this case have proposed a chapter 13 plan calling for payments of $1,183 per month, matching their monthly disposable income as determined by subtracting their expenses as reported in schedule J accompanying their chapter 13 petition from the income reported in schedule I. Over the five year life of the plan the debtors propose to pay a total of $70,980, of which $12,000 will be paid to the holder of the first mortgage on their home to cover pre-petition arrearages, $50,183 will be paid to two auto finance companies to pay off restructured loans on two late-model motor vehicles, $2,000 will be paid to debtors' counsel for fees and expenses in addition to the $2,000 retainer received by him prior to case commencement, $6,588.66 will be paid to the chapter 13 trustee for her statutory commission for administering the plan and $208.16 will be paid to the debtors general unsecured creditors representing a dividend of two-tenths of one percent on total claims of $103,331.

The chapter 13 trustee objected to confirmation of the debtors' plan on the basis that the trustee's commission is understated. The plan assumes the trustee's commission is approximately 9%. The trustee asserts that the appropriate commission calculation requires application of 10% which is the maximum commission established by the Attorney General of the United States

1

pursuant to 11 U.S.C. § 586(e)(1)(A) and which is the percentage incorporated into the form chapter 13 plan in use in this district, Official Form 3 promulgated pursuant to Rule 9006-1 of the Local Bankruptcy Rules of the U.S. Bankruptcy Court for the District of Massachusetts ("MLBR").

The debtors responded that while 10% is the maximum commission allowable to the trustee it is not the actual commission currently being charged by her and to the extent that the official form plan adopts a fixed 10% commission calculation it violates 28 U.S.C. § 2075 which prohibits local rules from abridging, enlarging or modifying substantive rights.

The trustee concedes that her commission is currently 8.75% but hastens to add that her commission fluctuates from year to year and sometimes multiple times in the same year based on a budgeting process overseen by the Executive Office of the United States Trustee. Since the commission can never exceed 10%, however, the trustee observes that the universal practice in the District of Massachusetts and in many other districts is for chapter 13 plans to base the trustee's commission on a fixed 10%. When payments are actually made by the trustee pursuant to a plan the trustee receives only the actual commission then in effect. If that commission is less than 10% the excess is paid as an additional dividend to creditors. The trustee points out that due to fluctuations in the commission percentage, a five year plan such as the one here that attempts to reflect the exact commission at all times would have to be amended repeatedly imposing excessive legal costs on debtors and potentially raising feasibility concerns if an increase in commissions puts a plan payment beyond the debtors' reach.

The debtors grudgingly concede the practical difficulties in trying to draft plans that reflect the actual trustee's commission, not the least of which is the fact that the actual commission is not

2

a published statistic readily accessible to the public. Fair enough, say the debtors, let 10% serve as the default commission rate in all plans but if the actual commission is less, then the extra cash should be paid not to the creditors but to the debtors.

The parties remain implacably at odds in this kerfuffle over $600 ($10 per month over 5 years), the difference between plan payments based on a flat 10% trustee's commission and the debtors' estimate of the trustee's actual commission of approximately 9%. While tempted to send the debtors on their way with my mother's sage advice, "pay the $10," I must resist temptation in order to address the broader implications of this dispute.

It is axiomatic that in order to avoid objection by the trustee and denial of confirmation by the court a chapter 13 plan must provide for a debtor's entire disposable income to be applied to payments under the plan. Bankruptcy Code § 1325(b)(1). A plan that does so but includes a trustee's commission of less than 10% will, ipso facto, become infeasible if during the plan term the commission goes up. The increased payment triggered by the rise in commission will exceed the debtor's disposable income.

One could argue, as the debtors here suggest, that if the trustee's commission increases a debtor should at least be afforded the opportunity to amend the plan and attempt to justify feasibility perhaps based on increased disposable income. Not only will this approach expose debtors to added legal costs, undoubtedly far in excess of the dollar amount at issue in the amended plan, it will undermine the integrity of the debtor's disposable income calculation by suggesting it can be manipulated to support increased plan payments.

The fact that a debtor backs into a disposable income calculation by first determining the amount he must pay under a chapter 13 plan and then adjusting his monthly expenses to create the

3

income necessary to make the payments is not in and of itself troubling. How else does one establish a budget but to cut expenses to create a proper balance with income? For most of us income is fixed while expenses are variable. But woe unto a debtor or counsel who distorts expenses to achieve disposable income that can be manipulated to support the feasibility of serially amended plans.

The very fact that chapter 13 requires debtors to devote all disposable income to plan payments justifies the practice of requiring all plans to include a flat 10% trustee commission. As the trustee has convincingly explained, when her actual commission is less than 10% she uses the extra cash to pay creditors a bit more and the debtors' suggestion that she should return the extra cash to them would put them in immediate violation of the disposable income requirement of chapter 13.

When all is said and done, requiring that every chapter 13 plan provide a flat 10% commission, the maximum to which the trustee will ever be entitled, is the only methodology that adequately addresses the feasibility and practicality concerns raised by the trustee.

I find, therefore, that the debtors' chapter 13 plan in this case lacks prospective feasibility to the extent the trustee's commission is likely to increase during the plan term. I find also that such a plan is lacking in good faith as it suggests that the debtors are not prepared to stand behind their disposable income calculations. For these reasons I will sustain the trustee's objection to the debtors' plan and order the debtors to file an amended plan within 30 days which conforms to the findings and rulings in this memorandum.

I remain troubled by a subsidiary issue – that of disclosure. There is nothing in our local rules or the official form chapter 13 plan which informs parties in interest, especially debtors, that

the 10% commission required to be included in all plans is a placeholder and not the actual commission taken by the trustee. At one time the official form chapter 13 plan contained the following notice:

> The chapter 13 trustee's fee is determined by order of the United States Attorney General. The calculation of the Plan payment set forth below utilizes a 10% commission. In the event that the trustee's commission is less than 10%, the additional funds collected by the trustee shall be disbursed to unsecured creditors up to 100% of the allowed claims.

For reasons unknown, this disclaimer was dropped from the official form plan currently in effect. I believe parties are entitled to know how plan payments will be calculated and distributed and will, therefore, also order the chapter 13 trustee henceforth to provide debtors and any creditors who appear at the meeting of creditors pursuant to Bankruptcy Code § 341(a) with a notice concerning the 10% commission consistent with the disclaimer that had previously been included in our form chapter 13 plan.

Dated: February 20, 2013

By the Court,

Melvin S. Hoffman
U.S. Bankruptcy Judge

Counsel Appearing:

Denise Pappalardo, Worcester, MA
    Standing Chapter 13 Trustee

Walter Oney, Fitchburg, MA
    for the debtors